BAKER INVESTMENTS LTD., et al.,
Plaintiffs and Counter–Claim
Defendants, Respondents,

v.

The CITY OF MINNEAPOLIS,
Defendant and Counter–Claim
Plaintiff, Appellant.

No. C4–94–254.

Court of Appeals of Minnesota.

July 19, 1994.

Review Denied Sept. 28, 1994.

Robert J. Alfton, City Atty., Michael T. Norton, Asst. City Atty., Minneapolis, for appellant.

James T. Swenson, Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., HUSPENI and AMUNDSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant City of Minneapolis seeks review of the district court's grant of summary judgment in favor of respondents, contending the district court erred in concluding that parties cannot contractually agree to be personally liable for ad valorem tax assessments.

## FACTS

Respondent Chamber Associates owns the Chamber Building in downtown Minneapolis and respondent Baker Investments, Ltd. is a partner in Chamber Associates. In 1985, Chamber Associates petitioned the City of Minneapolis to assess the Chamber Building property to finance the acquisition and construction of two skyway connections to the Chamber Building. In conjunction with its petition, Chamber Associates and the city entered into a "Skyway Agreement," pursuant to which Chamber Associates agreed, in part, "to pay the assessments when due." The city subsequently funded the skyway construction, then assessed Chamber Associates for the cost of construction. Chamber Associates refused to pay several assessments.

After the city demanded that Chamber Associates and its individual partners pay the overdue assessments, respondents commenced a declaratory judgment action seeking a determination that: (1) respondents have no personal liability for the skyway assessments and that foreclosure of the assessment security is the only remedy available to the city pursuant to Minn.Stat. Ch. 429 (1992); and (2) if respondents have personal liability, the city must liquidate partnership assets before pursuing the assets of Baker Investments. The city counterclaimed for the amount of the overdue assessments.

On cross-motions for summary judgment, the district court granted summary judgment in favor of respondents, concluding that ad valorem taxes assessed against real estate are an in rem collection proceeding and a contractual agreement cannot convert in rem proceedings to in personam proceedings. The district court did not address whether respondents agreed to be personally liable under the Skyway Agreement or whether the city must first liquidate the partnership assets. This appeal followed.

## ISSUE

Did the district court err in concluding that parties cannot contractually agree to be personally liable for ad valorem tax assessments?

## ANALYSIS

The city contends the district court erred in concluding that parties cannot contractual-

ly agree to be personally liable for ad valorem tax assessments. We agree.

On appeal from summary judgment, we must determine: (1) whether there are any genuine issues of material fact; and (2) whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Where, as here, the material facts are not in dispute, we need not defer to district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

The district court based its decision on *State v. Rhude & Fryberger,* 266 Minn. 16, 123 N.W.2d 196 (1963). In *Rhude,* the supreme court stated the general rule that

ad valorem taxes assessed against real estate are a charge against the land and do not create personal liability on the part of the landowner.

*Id.* at 20, 123 N.W.2d at 199. In *Rhude,* the state argued that the parties had entered into a lease agreement under which the lessee of state-owned land personally agreed to pay ad valorem taxes assessed against the land. *Id.* The court rejected this argument:

The agreement is to "pay all taxes, general and specific, which may be assessed against said land * * * *in all respects as if said land was owned in fee by the party of the second part.*" * * * It is only by ignoring the italicized portion above that the position of the state would be tenable.

*Id.* (italics in original). The court concluded that because fee owners have no personal liability to pay ad valorem taxes, the parties' lease agreement did not create personal liability for the lessee. *Id.* at 24, 123 N.W.2d at 202.

Respondents contend that under *Rhude* parties can never contractually agree to be personally liable for ad valorem taxes. We disagree. First, we note that by undertaking an analysis of the parties' lease agreement, the *Rhude* court implicitly recognized that a contract can create personal liability to pay ad valorem taxes. *See id.* at 20, 123 N.W.2d at 199 (acknowledging that the state's argument would be tenable if the court ignored certain contractual language); *see also State v. Barrett & Zimmerman,* 228 Minn. 96, 99,

36 N.W.2d 590, 593 (1949) (recognizing that an owner of property could be personally liable to one who voluntarily pays ad valorem taxes if the parties executed a valid contract or agreement). If a contract could never create personal liability, the *Rhude* court's analysis of the lease agreement would be superfluous.

Moreover, respondents cannot demonstrate that the assessment statutes preclude a party from agreeing to be personally liable for ad valorem taxes. To the contrary, the applicable statutes explicitly recognize personal liability under certain circumstances. *See* Minn.Stat. § 429.031, subd. 3 (1992) (in a petition for construction of a skyway system, the petitioner may request abandonment of the improvement after it is ordered and before the city awards contracts for the construction, but the petitioner shall reimburse the city for all expenses it incurred in connection with the improvement).

Minnesota law does not preclude a party from contractually agreeing to be personally liable for ad valorem tax assessments. Therefore, we reverse the district court and remand for a determination as to whether respondents agreed to be personally liable for the tax assessments under the Skyway Agreement and, if there is personal liability, whether the city must first liquidate partnership assets.

## DECISION

The district court erred in concluding that parties cannot contractually agree to be personally liable for ad valorem tax assessments.

**Reversed and remanded.**